UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


INTELLECTUAL SCIENCE AND
TECHNOLOGY, INC.,

    Plaintiff,                                         HON. AVERN COHN

-vs-                                                    Case Nos.    06-10406

SONY ELECTRONICS, INC.,

    Defendant.
_____/


## MEMORANDUM AND ORDER
## DENYING ATTORNEY'S FEES


### I.

This is a patent case. On December 15, 2009, the Federal Circuit affirmed the Court's grant of summary judgment in favor of defendant Sony Electronics, Inc. (Sony) on the issue of infringement. *See* 589 F.3d 1179 (Fed. Cir. 2009). The opinion describes the nature of the case, including the claim of infringement and the reasons why the plaintiff, Intellectual Science and Technology, Inc. (Intellectual), could not take its claim to a jury.

Now before the Court is Sony's application for attorney's fees (Doc. 80), initially filed three (3) days after the judgment dismissing the case was entered (Doc. 69). The application was stayed (Doc. 89) pending resolution of the appeal (Doc. 72). The stay was lifted following the Federal Circuit's decision (Doc. 96).

For the reasons that follow, the application is DENIED. There is no reason to disturb the American rule which requires each party to pay its attorneys.

II.

Initially, Sony asked for attorney's fees and other expenses of $1,024,778 on four (4) grounds: 35 USC §285; Fed.R.Civ.P. 11; 28 USC §1927; and the inherent authority of the Court. Sony has abandoned the Rule 11 grounds. See Sony Electronics Inc.'s, JVC Americas Corp.'s and Panasonic Corporation of North America's Reply in Support of Their Joint Motion for Attorneys' Fees (Doc. 87).

A.

"An award of attorney fees [in a patent case] should be reserved for extraordinary cases where there is a finding of unfairness or bad faith in the conduct of the losing party, or some other equitable consideration of equal force which makes it grossly unjust for the prevailing party to be left to bear the burden of its own counsel fees." PETER S. MENELL ET AL., FEDERAL JUDICIAL CENTER, PATENT CASE MANAGEMENT JUDICIAL GUIDE § 9.2.3.2 (2009).

B.

A claim for attorney's fees under 28 USC §1927 is directed to an attorney's conduct in a case as contrasted to a party ("Any attorney may be required by the court to satisfy personally. . ."). Moreover, the claim must be made against a specific attorney rather than a law firm as a whole. *BDT Products, Inc. v. Lexmark International, Inc.*, 2010 WL 1565462, at *8 (6th Cir. April 21, 2010) ("28 U.S.C. does not authorize the imposition of sanctions on law firms.").

As to a claim under §1927, the Sixth Circuit has said:

> We have held that sanctions under §1927 may be appropriate when an attorney reasonably should know that a claim is frivolous, "simple inadvertence or negligence that frustrates the trial judge will not support a sanction under section 1927." *Ruben*, 825 F.2d [977] at 984. Rather,

> [t]here must be some conduct on the part of the subject attorney that trial judges, applying the collective wisdom of their experience on the bench, could agree falls short of the obligations owed by a member of the bar to the court and which, as a result, causes additional expense to the opposing party.

*Orlett v. Cincinnati Microwave, Inc.,* 954 F.2d 419 (6th Cir. 1992).

The Federal Circuit has noted that an attorney is ethically bound to make reasonable arguments on a client's behalf. *Medtronic Navigation, Inc. v. Brainlab Medizinische Computer-Systeme GMBH*, 2010 WL 1644062, at *19 (Fed. Cir. April 26, 2010). The court then noted that if a client's actions are not considered unreasonable under 35 U.S.C. § 285, a court should impose sanctions under § 1927. Id. ("Because we have held that it was not unreasonable for Medtronic to seek relief even in light of the court's claim construction, it follows *a fortiori* that McDermott, as Medtonic's counsel, cannot be held liable [under § 1927] for continuing to represent Medtronic in that effort.").

Aside from failing to specifically identify the Intellectual attorney or attorneys to be held liable, there is nothing in the record of this case to even remotely suggest any Intellectual attorney "fell short of the obligations owed by a member of the bar to the court (etc)." The §1927 claim is frivolous.

C.

The lack of merit in the claim for attorney's fees under the inherent power of the court is of the same order as the claim under §1927. A court's inherent powers "must be exercised with restraint and discretion" and should be limited to cases where a party has acted "in bad faith, vexatiously, wantonly, or for oppressive reasons." *Medtronic*, 2010 WL 1644062, at *19. The Federal Circuit has further limited the exercise of a court's inherent

3

power to cases that are "sufficiently beyond 'exceptional' within the meaning of [35 U.S.C. §] 285." *Id.* In a similar fashion, the Sixth Circuit has held that a court may not sanction a party pursuant to its inherent power without "a finding of bad faith or of conduct 'tantamount to bad faith.'" *BDT Products*, 2010 WL 1353462, at *9. It is not enough merely find that a plaintiff's claim was meritless. *Id.* at *10.

There is nothing in the record of this case to even remotely suggest bad faith or an attempt to perpetuate a fraud by Intellectual in pursuing a claim of infringement by Sony of the patents Intellectual owns.

Again, the inherent power claim is frivolous.

D.

35 U.S.C. § 285 states that "the court in exceptional cases may award attorney fees to the prevailing party."

HERBERT F. SCHWARTZ AND & ROBERT J. GOLDMAN, PATENT LAW AND PRACTICE 254 (6th ed. 2008) describes what is necessary under the statute to obtain an award of attorney's fees under §285:

> There are three requirements for an award of fees under Section 285: (1) the case must be exceptional, (2) the fees must be reasonable, and (3) the fees may be awarded only to the prevailing party. Ultimately, the district court has discretion to decide how much, if anything, of a reasonable fee to award to the prevailing party in an exceptional case.
>
> Regarding the first requirement, the prevailing party must establish the exceptional nature of the case by clear and convincing evidence.

* * * *

In support of its claim under §285, Sony says:

> Even a cursory review of the patents-in-suit and the explicit definitions of claim terms contained therein establishes that they relate to computer systems and cannot extend to audio CD players. Because of this, numerous limitations required by the claims are completely missing from the accused products. *See* D.I. 68 at 14-15, 19-20. In fact, the Court itself recognized that IS&T failed to point to any structure in the accused products that even facially corresponded to each of the elements of the patent claims at issue. Further, the proposed claim constructions manufactured by IS&T in an attempt to work its way around these missing limitations and embrace subject matter not contemplated by the patents-in-suit were not only erroneous, but "strained." *See id.* at 23.

Effectively, Sony is saying Intellectual's claim of infringement was frivolous.

In *Stephens v. Tech International, Inc.*, 393 F.3d 1269, 1273-74 (Fed. Cir. 2004)

(citations omitted), the Federal Circuit defined "frivolous as follows:

> A frivolous infringement suit is one which the patentee knew or, on reasonable investigation, should have known was baseless. Therefore, the pertinent inquiry is whether Spectrum knew or should have known that it could not successfully assert the '647 patent against Tech but pursued its infringement claim anyway.

III.

A.

Intellectual's claim of Infringement was not frivolous.

A fair reading of the

    (1)    Report and Recommendation of the Special Master (Doc. 50),

    (2)    Memorandum and Order Adopting Report and Recommendation of Special Master and Denying Defendants' Motion for Summary Judgment of Invalidity and Granting Defendants' Motion for Summary Judgment of Noninfringement and Dismissing Case (Doc. 68), and

> (3) Decision of the Federal Circuit [589 F.3d 1179 (Fed. Cir. 2009)]

supports this conclusion.

The record of this case reflects a straightforward claim of infringement based on a reasonable assessment of the chances of persuading the Court that it was more likely than not that the claim-in-suit read on the accused device.

B.

Particularly

- Prior to the filing of the Sony case and the seven (7) additional cases on January 30, 2006, Intellectual settled two (2) cases involving claims of infringement of two (2) of the patents-in-suit.

- Pre-suit, Intellectual had on hand a study by a technical expert who confirmed that its claim of infringement had merit.

- Pre-suit, Intellectual's counsel carefully considered the claim of infringement and conducted an extensive pre-suit examination.

- Sony never deposed Intellectual's technical experts or Dr. Howard Lee, Intellectual's President, who explained the pre-suit investigation.

- Intellectual, in advance of suit, proffered a license to Sony.

- The Special Master's Report and Recommendation (Doc. 50), while recommending a finding of no infringement, also recommended against a finding that the patents-in-suit were invalid.

- Sony's assertion that there was a complete lack of merit in Intellectual's claim of infringement was first raised in its request for attorney's fees. Sony defended the

6

case substantively and vigorously without ever a hint that it thought the case was brought in bad faith or was frivolous.

- Sony's papers in support of its request for attorney's fees do not so much as mention that it must establish its right by the clear and convincing standard of proof.

- The Federal Circuit affirmed the dismissal of Intellectual's case in a published opinion. The Federal Circuit Internal Operating Procedure No.10, *Precedent/Non-Precedential Opinions And Orders* says "it is the court's policy to limit precedents to dispositions meeting one or more" of 15 substantive criteria, none which implicate frivolousness.

IV.

The precedents Sony cites in support of its request for attorney's fees are inapposite. Four (4) of the cases it cites ended at the district court level.

*Nordek Corp. v. Garbe Iron Works, Inc.*, 221 U.S.P.Q. 632 (N.D. Ill. 1983), involved a finding by the district court that the plaintiff was barred by laches and estoppel to make its claim of infringement. In awarding attorney's fees, the district court said:

> Plaintiff may have demonstrated that it decided to pursue this litigation after becoming aware of the laches and estoppel defenses, but it has not demonstrated that it decided to pursue the litigation with any good-faith belief it could avoid those defenses. Plaintiff's memorandum on the summary judgment motion discloses no respectable strategy for avoiding these defenses, and instead reveals only an effort to postpone certain defeat.

*Id* at 633. It further stated:

> The type of bad faith found here – reckless prosecution of a hopeless lawsuit – has supported the award of attorney's fees under Section 285.

7

*Id.* at 634.

*Comora v. Thermo Cardiosystems, Inc.*, 23 U.S.P.Q.2d 1147, (C.D. Cal.1992), involved a *pro se* plaintiff suing for infringement who defended against a motion for summary judgment on the basis of two (2) declarations which the district court found simply asserted denials or conclusory statements. In awarding attorney's fees, the district court said:

> Comora's infringement action against TCI has no basis. Even a cursory comparison of the TCI air-driven VAD with the claims of the Shapiro patent reveals that the accused device fails to meet numerous limitations of the claims of the Shapiro patent and cannot be characterized as a substantial equivalent of the Shapiro patent. This action thus falls within the ambit of section 285.

*Id.* at 1150.

*Encomp, Inc. v. L-Com, Inc.*, 999 F. Supp. 264 (D. Conn. 1998), involved a patent owner which dismissed its case after being confronted with a prior patent that in his view "raised questions about whether it constituted statutory prior art affecting the validity of its patent." In awarding attorney's fees, the district court said:

> Defendant has established through clear and convincing evidence viewed in the totality of the circumstances, which plaintiff has barely attempted to rebut, that plaintiff's suit was frivolously brought in that it failed to assess defenses that would essentially have precluded its claims. Since defendant has proved its entitlement to attorney's fees under Section 285 based on the foregoing discussion, its other arguments need not be reached.

*Id.* at 269-70.

*Triune Star, Inc. v. Walt Disney Co.*, 2008 WL 5068943 (C.D. Ill. Nov. 25, 2008), involved a case in which plaintiff, to establish infringement, attempted to disavow a

8

construction which it had urged to obtain its patent. In awarding attorney's fees, the district court said:

> Given the undisputed facts in this case, the intrinsic evidence of record, the Court's construction of the claims of the '521 patent, and the finding of noninfringement as a matter of law, the Court must conclude that any reasonable pre-suit investigation would have revealed that the allegedly infringing devices did not contain any type of miniature infrared camera and therefore could not have literally infringed Triune's patent. Likewise, in light of the prosecution history and the doctrine of prosecution history estoppel, there is no nonfrivolous argument for the finding of infringement after applying the doctrine of equivalents.

*Id.* at *9.

## V.

The only thing exceptional about this case is Sony's claim for attorney's fees.

Sony used a shotgun approach to claim that Intellectual's claim of infringement was so lacking in merit that the American rule that each party, win or lose, pays its own attorneys did not apply.

Sony, rather than first establishing that the case was exceptional, and then that an award of attorney's fees was appropriate, conflated its request with an effort to establish the amount of attorney's fees by filing with the Court two (2) lengthy affidavits and a multitude of documents detailing the amount. Prudence and economy of effort suggests that first the exceptional nature of the case be established, and then the right to attorney's fees established, and then the amount be determined.

Judge Pauline Newman, dissenting in the Federal Circuit's decision in *Nilssen v. Osram Sylvania, Inc.*, 528 F3d 1352, 1362 (Fed. Cir. 2008), sums up the reasons why the Court denies Sony's attorney fees when she says:

9

> The premise of the American Rule against fee-shifting is that "one should not be penalized for merely defending or prosecuting a lawsuit." Summit Valley Indus. v. *United Bld. of Carpenters & Joiners*, 456 U.S. 717, 724, 102 S.Ct. 2112, 72 L.Ed.2d 511 (1982) (citations omitted); *see Mach. Corp. of Am. v. Gullfiber AB*, 774 F.2d 467, 471 (Fed Cir 1985). For patent cases a combination of history and equity led to 35 U.S.C. § 285, a provision intended to permit fee-shifting in egregious situations. In placing §285 in the patent statute, the legislators did "not contemplate[ ] that the recovery of attorney's fees will become an ordinary thing in patent suits." *Forest Labs., Inc. v. Abbott Labs.*, 339 F.3d 1324, 1328 (Fed. Cir. 2003) (quoting S. Rep. No. 79-1503 (1946)). The statutory authority to award attorney fees was intended to "prevent gross injustice," not to shift the economic balance against the unsuccessful plaintiff. *See Machinery Corp.*, 774 F.2d at 472 ("There is no expressed limitation in this legislative history on the award of fees to a patentee. On the other hand, in connection with an award of fees to an alleged infringer, the [Senate] report mentions prevention of 'a gross injustice.'").

SO ORDERED.

_____

s/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated: May 4, 2010

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, May 4, 2010, by electronic and/or ordinary mail.

s/LaShawn R. Saulsbery
Case Manager, (313) 234-5160